UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES of the NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS, | 19-CV_____ |
| Plaintiffs, | |
| -against- | |
| B&B CONCRETE ENTERPRISES, INC., B & B CONCRETE CONTRACTORS INC., MID HUDSON CONCRETE CORP., PAULA ESTEVES, and MANNY ESTEVES | **COMPLAINT** |
| Defendants. | |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds (collectively, the "Funds") commence this action against B&B Concrete Enterprises, Inc. ("B&B Enterprises"), B & B Concrete Contractors Inc. ("B&B Contractors"), Mid Hudson Concrete Corp. ("Mid-Hudson") (collectively, "Corporate Defendants"), Paula Esteves, and Manny Esteves to recover unpaid benefit contributions that Defendants owe Plaintiffs under sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145 and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Funds are administered in this district and Defendants reside in this district.

**PARTIES**

4. The Funds are multiemployer labor-management trust funds organized and operated in accordance with section 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c), and maintain a principal place of business in Dutchess County, New York, located at 10 Corporate Park Drive, Suite B, Hopewell Junction, New York 12533.

5. Defendant B&B Enterprises is a company incorporated in and authorized to conduct business in the State of New York, with a registered address with the New York Department of State for service of process as P.O. Box 616, Nanuet, New York 10954 and a principal place of business in Rockland County, New York, located at 55 Old Nyack Turnpike, Suite 612, Nanuet, New York 10954.

6. Defendant B&B Contractors is a company incorporated in and authorized to conduct business in the State of New York, with a principal place of business located in Rockland County, New York at 55 Old Nyack Turnpike, Suite 612, Nanuet, New York 10954.

7. Defendant Mid-Hudson is a company incorporated in and authorized to conduct business in the State of New York, with a registered address with the New York Department of State for service of process as 44 Second Avenue, Nanuet, New York 10954 and a principal place of business located, upon information and belief, in Rockland County, New York at 55 Old Nyack Turnpike, Suite 612, Nanuet, New York 10954.

8. Defendant Paula Esteves is a principal of all Corporate Defendants and resides at 26 Birch Drive, Thiells, New York 10984, which is in the County of Rockland, New York.

9. Defendant Manny Esteves is a principal of all Corporate Defendants and resides at 26 Birch Drive, Thiells, New York 10984, which is in the County of Rockland, New York.

## FACTUAL ALLEGATIONS

*B&B Enterprises Failed to Pay Benefit Contributions to the Funds*

10. At all relevant times, Defendant B&B Enterprises was a party to, or manifested an intention to be bound by, a collective bargaining agreement ("CBA") with the New England Regional Council of Carpenters, or a predecessor thereto (the "Union").

11. The CBA required B&B Enterprises to make specified hourly benefit contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

12. Additionally, the CBA requires B&B Enterprises, upon the Funds' request, to furnish the Funds with its books and payroll records for the Funds' audit of B&B Enterprises' records, which ensures B&B Enterprises' compliance with its obligation to remit benefit contributions for every hour of Covered Work to the Funds.

13. On February 18, 2019, the Funds' auditors determined that, for the period of July 1, 2016 through May 31, 2018, Defendant B&B Enterprises owed the Funds delinquent benefit contributions of $230,332.77, plus interest, liquidated damages, and audit costs (the "Audit").

*Corporate Defendants are Alter Ego Companies and Constitute a Single Employer*

14. At all relevant times, B&B Enterprises, B&B Contractors, and Mid-Hudson operated as a single, integrated employer, with interrelation of operations, common management, centralized control of labor relations, common ownership, and common facilities and equipment.

15. At relevant times, Corporate Defendants were alter egos of each other, as Corporate Defendants have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

16. Corporate Defendants share the same principal place of business: 55 Old Nyack Turnpike, Suite 612, Nanuet, New York 10954.

17. Corporate Defendants have the same business purpose, to wit, providing carpentry and other construction services to their customers.

18. Corporate Defendants share the same employees, such as Oscar Ordonez.

19. Corporate Defendants have the same officers and owners: Paula Esteves and Manny Esteves.

20. Paula Esteves and Manny Esteves have the authority to hire, fire, and discipline employees of all Corporate Defendants.

21. Corporate Defendants have the same administrator: Paula Esteves.

22. Paula Esteves manages the finances and internal operations, such as payroll, for all Corporate Defendants.

23. Manny Esteves manages the field operations for all Corporate Defendants, including the supervision and management of all employees for all Corporate Defendants.

24. Corporate Defendants are all engaged in the business of performing carpentry and construction work; they all perform work covered by the CBA ("Covered Work").

25. Corporate Defendants performed the same work without any meaningful distinction in their operations.

26. B&B Enterprises used B&B Contractors and Mid-Hudson for the purpose of avoiding B&B Enterprises' contractual and statutory obligations to the Funds, by (1) having B&B

Contractors or Mid-Hudson perform Covered Work without conforming to the terms of the CBA; and (2) by having either B&B Contractors and/or Mid-Hudson pay B&B Enterprises' employees to avoid the Funds' detection of B&B Enterprises' failure to make all required benefit contributions.

27. B&B Enterprises created and maintained B&B Contractors and Mid-Hudson to perpetrate a fraud against the Funds and avoid its obligations to the Funds under the CBA.

28. B&B Contractors and Mid-Hudson, through Paula Esteves and Manny Esteves, Defendants' shared owners and officers, had prior knowledge of B&B Enterprises' obligations to the Funds.

29. B&B Contractors and Mid-Hudson, as alter egos of and single employers with B&B Enterprises, are subject to the terms of B&B Enterprises' CBA, and each company is liable for each other's unpaid contributions to the Funds.

*Paula Esteves and Manny Esteves Perpetrated a Fraud on the Funds*

30. Paula Esteves is the President of B&B Enterprises, B&B Contractors, and Mid-Hudson.

31. As President of B&B Enterprises, Paula Esteves negotiated CBAs with the Union on behalf of B&B Enterprises. Paula signed CBAs with the Union on behalf of B&B Enterprises, obligating B&B Enterprises to remit benefit contributions to Plaintiffs.

32. Paula Esteves had authority to sign checks on behalf of the Corporate Defendants.

33. Paula Esteves had the discretion to adjust, edit, and revise the business records of Corporate Defendants.

34. Paula Esteves had the authority to direct payment to employees, vendors, suppliers, and Plaintiffs.

35. Paula Esteves is the principal representative of B&B Enterprises to the Funds and to the Union. She has corresponded directly with Plaintiffs as the principal representative of B&B Enterprises.

36. Paula Esteves owns a significant percentage, if not all, of the Corporate Defendants.

37. Manny Esteves is the Chief Operations Officer for all Corporate Defendants.

38. Manny Esteves manages the employees for all Corporate Defendants. Manny Esteves sets the schedules for Corporate Defendants' employees, records their hours, determines how much they should be paid, and directs their work in the field on Corporate Defendants' projects.

39. Paula Esteves and Manny Esteves have the power to hire, fire, and discipline employees for all Corporate Defendants.

40. Paula Esteves and Manny Esteves exercised operational control over some or all of B&B Enterprises, B&B Contractors, and Mid-Hudson's assets, including their bank accounts, contracts, equipment, and other assets.

41. Paula Esteves and Manny Esteves had operational control over the creation and submission of benefit contribution remittance reports to the Funds.

42. Paula Esteves and Manny Esteves had operational control over the creation and submission of B&B Enterprises' business records for the Funds' auditors review during the Funds' compliance audits conducted pursuant to the CBA.

43. Paula Esteves and Manny Esteves were responsible for deciding whether to use assets in Corporate Defendants' possession to pay contributions to the Funds.

44.     Paula Esteves and Manny Esteves exercised discretionary control and/or discretionary authority over the disposition of the Funds' assets by, among other things, causing B&B Enterprises to fail to make contributions to the Funds in accordance with the CBA.

45.     Paula Esteves and Manny Esteves both exercised complete operational control over the Corporate Defendants.

46.     Paula Esteves and Manny Esteves conspired together to perpetrate a fraud against the Funds during the Funds' audit of B&B Enterprises' books and records, with the specific intent of defrauding the Funds of the benefit contributions owed to them.  To accomplish the fraud, Paula Esteves and Manny Esteves (1) intentionally and fraudulently altered B&B Enterprises books and records to hide the hours of Covered Work performed by B&B Enterprises' employees; and (2) transferred B&B Enterprises' assets to alter egos/single-employers B&B Contractors and Mid-Hudson to avoid B&B Enterprises obligations under the CBA to the Funds.

47.     Paula Esteves and Manny Esteves, using their operational control over Corporate Defendants, intentionally engaged in this fraud to avoid B&B Enterprises' obligation to remit benefit contributions to the Funds

48.     While B&B Enterprises owed contributions to the Funds, Paula Esteves and Manny Esteves intentionally caused B&B Enterprises to use, divert, and/or expend its assets for purposes other than making contributions to the Funds by transferring such assets to B&B Contractors and/or Mid-Hudson and by deliberately falsifying corporate records to hide its obligations to the Funds.

## FIRST CLAIM for RELIEF against DEFENDANTS B&B ENTERPRISES, B&B CONTRACTORS, and MID-HUDSON

### (Alter-Ego and Single Employer Liability/Liability for Delinquent Contributions/Violation of the CBA)

49. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

51. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

52. At relevant times, B&B Enterprises manifested an intent to be bound by the CBA in connection with the work it performed on the Project.

53. The CBA and the documents and instruments governing the Funds require B&B Enterprises to make specified hourly contributions to the Funds in connection with all Covered Work to submit to and comply with periodic payroll audits demanded by the Funds.

54. At relevant times, B&B Enterprises, B&B Contractors, and Mid-Hudson were alter egos of and single employers with each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

55. By virtue of their status as alter egos/single employers, B&B Enterprises, B&B Contractors, and Mid-Hudson are, and have at all relevant times, been bound by the CBA and are jointly and severally liable for each other's obligations thereunder.

56. B&B Enterprises, B&B Contractors, and Mid-Hudson violated the terms of the CBA when they failed to remit all required contributions when they performed Covered Work.

57. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, the Funds' Collection Policy, and the documents and instruments governing the Funds, the Funds are entitled to an order: (1) finding that B&B Enterprises is liable for all delinquent contributions and other associated liquidated damages, interest, attorneys' fees, and costs revealed by the Audit; (2) ordering B&B Contractors and Mid-Hudson to submit to an audit covering the period April 30, 2013 to the present to determine the extent of B&B Contractors and Mid-Hudson's delinquencies to the Funds (the "B&B Contractors and Mid-Hudson Audit"); and (3) finding that B&B Enterprises, B&B Contractors, and Mid-Hudson are jointly and severally liable for all delinquent contributions and other associated liquidated damages, interest, attorneys' fees, and costs revealed by the Audit, the B&B Contractors and Mid-Hudson Audit, or which otherwise are found to be due and owing during the course of this litigation.

**SECOND CLAIM for RELIEF against PAULA ESTEVES and MANNY ESTEVES**

**(Individual Liability for Violation of Sections 502 and 515 of ERISA by Perpetrating a Fraud on the Funds)**

58. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if set forth herein.

59. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

60. Paula Esteves and Manny Esteves, based on their complete operational control of Corporate Defendants, are "employers" under section 3(5) of ERISA, 29 U.S.C. § 1002(5).

61. Under section 502 of ERISA, 29 U.S.C. § 1132, Plaintiffs may (1) enjoin any act or practice which violates any provision of ERISA or the terms of the CBA and associated Trust Documents of the Funds, or (2) obtain other appropriate equitable relief to either redress such violations or to enforce any provisions of this ERISA or the terms the CBA and associated Trust Documents of the Funds.

62. Paula Esteves and Manny Esteves have violated section 515 of ERISA, 29 U.S.C. § 1145, and their obligation to remit benefit contributions to Plaintiffs pursuant to the CBA and the accompanying Trust Documents of the Funds by (1) intentionally and fraudulently altering B&B Enterprises books and records to hide the hours of Covered Work performed by B&B Enterprises' employees; and (2) fraudulently transferring B&B Enterprises' assets to alter egos/single-employers B&B Contractors and Mid-Hudson with the specific intent of hiding such assets from the Funds.

63. Accordingly, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and based on the foregoing, Paula Esteves and Manny Esteves are personally liable to the Funds for: (1) all losses incurred by the Funds as a result of Paula Esteves and Manny Esteves's fraud, as revealed by the Audit or as otherwise found to be due during the course of this litigation; (2) all profits Paula Esteves and Manny Esteves has made and/or all earnings the Funds have lost as a result of Paula Esteves and Manny Esteves's unlawful acts and omissions, in an amount to be determined at trial; and (3) attorneys' fees and costs incurred in this action.

**WHEREFORE,** the Funds respectfully request that this Court issue and order:

A.	On the Funds' First Claim for Relief: (1) a finding that B&B Enterprises is liable for all delinquent contributions and other associated liquidated damages, interest, attorneys' fees, and costs revealed by the Audit; (2) ordering B&B Contractors and Mid-Hudson to submit to an audit covering the period April 30, 2013 to the present to determine the extent of B&B Contractors and Mid-Hudson's delinquencies to the Funds; and (3) finding that B&B Enterprises, B&B Contractors, and Mid-Hudson are jointly and severally liable for all delinquent contributions and other associated liquidated damages, interest, attorneys' fees, and costs revealed by the Audit, the B&B Contractors and Mid-Hudson Audit, or which otherwise are found to be due and owing during the course of this litigation;

B.	On the Funds' Second Claim for Relief, finding that Paula Esteves and Manny Esteves violated sections 515 of ERISA by perpetrating a fraud on the Funds and finding that they are personally liable to the Funds for: (1) all losses incurred by the Funds as a result of Paula Esteves and Manny Esteves's fraud, as revealed by the Audit or as otherwise found to be due during the course of this litigation; (2) all profits Paula Esteves and Manny Esteves have made and/or all earnings the Funds have lost as a result of Paula Esteves and Manny Esteves's unlawful acts and omissions, in an amount to be determined at trial; and (3) attorneys' fees and costs incurred in this action;

Dated: New York, New York  
April 30, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:	   /s/ John M. Harras  
John M. Harras, Esq.  
40 Broad Street, 7th Floor  
New York, NY 10004  
(212) 943-9080

*Attorneys for Plaintiff*